[Tagged]



**ORDERED in the Southern District of Florida on June 24, 2014.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:  CASE NO. 14-14507-EPK
       CHAPTER 7

DEBORAH CATHERINE PECK,

    Debtor.
_____/
JAMES A. PAONE, as Court Appointed
Receiver of the Property of Deborah Peck,

    Plaintiff,

v.  ADV. PROC. NO. 14-01502-EPK

GEORGE C. PECK and
DEBORAH CATHERINE PECK,

    Defendants.
_____/

# ORDER

The above-captioned adversary proceeding comes to this Court as a result of the Order of Reference entered by the United States District Court for the Southern District of Florida (the "Florida District Court") on June 19, 2014 in case number 14-80735-CIV.

1

In this action, a state law receiver seeks to sell an asset of a judgment debtor, in aid of execution on a judgment, for the benefit of a single unsecured creditor. The plaintiff is a custodian subject to 11 U.S.C. § 543. As a result of the commencement of the above-captioned chapter 7 case, the plaintiff lacks authority to pursue the relief requested in this action. Under 11 U.S.C. §§ 362, 543, and 349, this action must remain dormant unless and until the chapter 7 case is dismissed, at which time it could be pursued in another court of competent jurisdiction. Although the litigation involves the chapter 7 debtor before this Court, the proceeding does not arise under title 11, does not arise in a case under title 11, and is not related to a case under title 11 within the meaning of 28 U.S.C. § 1334(b). There is no federal bankruptcy jurisdiction over this adversary proceeding, and so the action is not subject to referral under 28 U.S.C. § 157(a). This case should be transferred back to the United States District Court for the District of New Jersey (the "New Jersey District Court"), or such other court as may be appropriate upon remand or abstention by that court, where it will remain stayed for the pendency of this chapter 7 bankruptcy case.

This action was commenced by the filing of a complaint in December, 2012, in the Superior Court of New Jersey, Monmouth County, case number MON-C-176-12 (the "Paone Action"). The plaintiff, James A. Paone, is a court-appointed receiver of the property of Deborah Peck. The plaintiff was appointed under New Jersey law to assist in the collection of a judgment obtained by Frederik Cornelis Komen[1] against Ms. Peck. The plaintiff's role is to aid execution on that judgment by, among other things, marshaling and selling Ms. Peck's non-exempt assets to satisfy the judgment. In the Paone Action, the plaintiff sought authority to sell a parcel of real property in Spring Lake, New Jersey, jointly owned by the defendants Deborah Peck and George C. Peck. The plaintiff sought to partition by sale the

---

[1] Mr. Komen's name is spelled in various ways in the pleadings. The Court has selected the spelling contained in the judgment.

real estate, alleging that it could not be partitioned in kind, with the proceeds to be distributed according to the recorded interests in the property. George Peck responded to the state court complaint, challenging the requested sale, the method of sale, and the proposed division of proceeds therefrom. The state court action was removed from New Jersey state court to the New Jersey District Court in February 2013.

Ms. Peck, the judgment debtor and a defendant in the Paone Action, is the debtor in the above-captioned bankruptcy case. She filed a voluntary petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in February 2014.

This is the second time that the Paone Action has been referred to this Court. Since August, 2012, there has been pending before this Court a now-consolidated chapter 7 case, involving multiple entities, captioned under the lead case name CLSF III IV, Inc., case number 12-30081. A number of adversary proceedings have been filed in connection with the CLSF III IV, Inc. chapter 7 case. Early in the course of those matters, this Court entered several injunctions and orders aimed at, among other things, preventing dissipation of assets of the debtors and related entities. Ms. Peck was not a debtor in bankruptcy at that time, but she was the subject of certain of the Court's orders in the CLSF III IV, Inc. matters and was also a named defendant in two adversary proceedings. In May, 2013, the New Jersey District Court, concerned that the Paone Action might conflict with the injunctions and other orders entered by this Court in the CLSF III IV, Inc. matters, transferred the Paone Action to the Florida District Court with the expectation that it would be referred to this Court. In August, 2013, the Florida District Court referred the Paone Action to this Court to allow this Court to determine whether the order appointing the plaintiff as receiver conflicted with orders of this Court in the CLSF III IV, Inc. matters. The Court reviewed its own orders in the CLSF III IV, Inc. matters and set a status conference on notice to the chapter 7 trustee and all relevant parties to obtain their

3

input. Thereafter, the Court entered an order determining that the Paone Action did not conflict with any order of this Court or any injunction imposed by this Court in the CLSF III IV, Inc. matters and recommended that the Florida District Court withdraw the reference of the Paone Action and transfer the case back to the New Jersey District Court. The Florida District Court adopted this Court's recommendation, and transferred the case back to the New Jersey District Court.

Shortly thereafter, Ms. Peck filed a voluntary chapter 7 petition commencing her own bankruptcy case. Reviewing the matter anew, the New Jersey District Court determined that "[t]he issues presented in the Paone Action are hopelessly and unquestionably intertwined" with Ms. Peck's personal bankruptcy and, again, transferred the Paone Action to the Florida District Court for referral to this Court.

Under 11 U.S.C. § 101(11), a "custodian" includes a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title." The plaintiff in the Paone Action, James A. Paone, is a receiver appointed in a New Jersey state court action for the purpose of taking control of property of Deborah Peck, a debtor before this Court. The plaintiff is a custodian for purposes of Ms. Peck's bankruptcy case.

Under 11 U.S.C. § 543(a), "[a] custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property." Under 11 U.S.C. § 543(b), a custodian must deliver to the trustee all such property in his or her possession, custody, or control on the date such custodian learns of the bankruptcy, and must file an accounting with the bankruptcy court. These provisions of title 11 are self-executing. This Court need not enter any order directing a custodian to act as specifically

4

required by the statute. While the Court has the power to excuse compliance with these provisions under 11 U.S.C. § 543(d), there is no reason to excuse compliance here as the result would be to permit a sale of property of the bankruptcy estate for the benefit of a single unsecured creditor.[2]

In light of the provisions of 11 U.S.C. §§ 543(a) and (b), the plaintiff does not have authority to pursue the relief requested in the Paone Action. All property of Ms. Peck is now property of the estate in this bankruptcy case. 11 U.S.C. § 541. The chapter 7 trustee is the sole entity with power over property of the estate. 11 U.S.C. § 704. Only the chapter 7 trustee may pursue a sale of Ms. Peck's assets. 11 U.S.C. § 363. While Ms. Peck's chapter 7 case is pending, no relief may be accorded in the Paone Action. The Paone Action may continue only if Ms. Peck's chapter 7 case is dismissed. 11 U.S.C. § 349 (a dismissal of a case . . . reinstates . . . any proceeding or custodianship superseded under section 543 of this title").[3]

Pursuant to Article I, Section 8 of the United States Constitution, Congress enacted 28 U.S.C. § 1334. Section 1334 is the sole source of subject matter jurisdiction in bankruptcy. Subsection (a) of that provision grants to the district courts "original and exclusive jurisdiction of all cases under title 11," and subsection (b) grants to the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a) and (b). All bankruptcy jurisdiction is initially lodged in the district courts.

A proceeding "arising under" title 11 is one based in a provision of the Bankruptcy Code itself. *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th

---

[2] For the same reason, the Court would not grant relief from the automatic stay under 11 U.S.C. § 362(d) to permit the Paone Action to proceed.

[3] This assumes that the real property addressed in the Paone Action is not disposed of during Ms. Peck's chapter 7 case.

Cir. 1999) (citation omitted). For example, an action to avoid and recover a preferential transfer under 11 U.S.C. §§ 547 and 550 is one "arising under" title 11. A proceeding "arising in" a case under title 11 is a proceeding that, even if not specifically provided for in the Bankruptcy Code, can take place only in the context of a case under title 11. This includes various matters undertaken in administration of a bankruptcy estate. *Id.* (citations omitted). Proceedings arising under or arising in a title 11 case are to be contrasted with "related to" matters. A "related to" matter is one which does not find its source in the Bankruptcy Code, and could be pursued outside a title 11 case, but which nonetheless bears a connection with the title 11 case sufficient to bring it within federal bankruptcy jurisdiction. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir.1990) (citation omitted).

Under 28 U.S.C. § 157(a), each district court may refer to the bankruptcy court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." Thus, the district court may refer to the bankruptcy court any and all matters covered by 28 U.S.C. § 1334. This has been accomplished in every district in the United States by standing orders of reference. On March 27, 2012, the Florida District Court issued a revised Order of Reference, Administrative Order 2012-25 (the "Standing Order"). The Standing Order refers to the bankruptcy court in this district any and all cases and proceedings covered by federal bankruptcy jurisdiction. The district court may also enter a specific order of reference, as it did here. The district court may for cause shown withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court. 28 U.S.C. § 157(d).

The Paone Action is an action by a receiver appointed under New Jersey law seeking an order permitting sale of an asset of a judgment debtor for purposes of executing on a judgment. It is not a proceeding arising under title 11 or a proceeding arising in a case under title 11. Nor is the Paone Action a proceeding related to a case under title 11 within the meaning of 28 U.S.C. § 1334(b). While the Paone Action involves Ms. Peck and her assets, it can have no impact on administration of Ms. Peck's chapter 7 case. The plaintiff is without power to effectuate the sale requested in the Paone Action. The relief requested in the Paone Action can only be considered if Ms. Peck's bankruptcy case is dismissed, if there is no bankruptcy case at all. Nor does George Peck's response in this action independently constitute a proceeding related to Ms. Peck's bankruptcy case under 11 U.S.C. § 1334(b). George Peck's response to the complaint amounts to a series of objections to the particular sale and distribution requested in the Paone Action, objections that are not ripe as the plaintiff cannot pursue that sale. The present chapter 7 case and the Paone Action are mutually exclusive. In the meantime, the Paone Action is stayed. Logically, the Paone Action can have no impact upon the handling and administration of Ms. Peck's bankruptcy estate.

Because there is no federal bankruptcy jurisdiction over the Paone Action, it cannot be referred to this Court under 28 U.S.C. 157(a).[4]

This Court recommends that the Florida District Court withdraw the reference of the Paone Action to this Court and re-transfer the Paone Action to the New Jersey District

---

[4] The determination of whether a proceeding is "core," and thus subject to entry of final orders in this Court, or "non-core," and thus subject to filing of proposed findings of fact and conclusions by this Court, assumes that there is bankruptcy jurisdiction to begin with. If the district court lacks bankruptcy jurisdiction under 28 U.S.C. § 1334(b), the proceeding may not be referred to the bankruptcy court under 28 U.S.C. § 157(a), and the question whether the matter is core or non-core never arises. For a complete discussion of federal bankruptcy jurisdiction, the statutory power of bankruptcy courts to enter final orders, and related Constitutional concerns, see *British Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 488 B.R. 205, 218-21 (Bankr. S.D. Fla. 2013).

Court.  The Paone Action will remain stayed in the New Jersey District Court or such other court as the New Jersey District Court may order as a result of remand or abstention, to be pursued only if Ms. Peck's chapter 7 case is dismissed.

The parties may pursue their rights in Ms. Peck's chapter 7 case.[5]  Frederik Cornelis Komen is the judgment creditor who sought appointment of Mr. Paone as receiver and for whose benefit the Paone Action was filed.  The Paone Action is part of a superceded custodianship and does not represent a claim in this chapter 7 case on behalf of Mr. Komen, even on an informal basis.  Mr. Komen may file a proof of claim and/or other appropriate requests for relief in Ms. Peck's bankruptcy case, subject to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules and orders of this Court.  Likewise, the defendant George Peck may claim an interest in property subject to administration by the chapter 7 trustee.  Any such interest may be pursued by an appropriate request for relief consistent with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules and orders of this Court.  For example, if the chapter 7 trustee in Ms. Peck's bankruptcy case seeks to transfer or otherwise administer the real property previously at issue in the Paone Action, George Peck may object at that time.

Although not required, this Court will enter a separate order directing James Paone, as receiver appointed for the assets of Deborah Peck, to comply with the relevant provisions of 11 U.S.C. § 543.

For the foregoing reasons, and being otherwise fully advised in the premises, this Court RECOMMENDS to the United States District Court for the Southern District of

---

[5] Once a bankruptcy is filed, collection activity is stayed under 11 U.S.C. § 362.  The debtor's property becomes property of the estate, subject to the *in rem* jurisdiction of the bankruptcy court.  28 U.S.C. § 1334(e); 11 U.S.C. § 541.  Creditors present their claims and other requests for relief by filing proofs of claim, motions, and complaints in the bankruptcy case.  The claims process is centralized in the bankruptcy court.  11 U.S.C. §§ 501 and 502.

Florida that the District Court withdraw its Order of Reference in this case and transfer the case back to the United States District Court for the District of New Jersey, subject to remand or abstention by that court, where the matter will remain stayed pending the outcome of the above-captioned chapter 7 case.

###

Copies Furnished To:

All parties of record

The Honorable Donald M. Middlebrooks, United States District Judge